UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROMMEL LEWIS; KEISHA KNIGHT-LILLY,

                      Plaintiffs,

-against-

DEPUTY SUPERINTENDENT SECURITY T. DELMAR, 5 Points CCF, et al.,

                      Defendants.

1:21-CV-10191 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Rommel Lewis, who is currently incarcerated in the Five Points Correctional Facility, and Plaintiff Keisha Knight-Lilly, of Poughkeepsie, Dutchess County, New York, bring this *pro se* action under multiple federal statutes and state law, alleging that the defendants – officials of the New York State Department of Corrections and Community Supervision ("DOCCS") and one Acting Justice of the New York Supreme Court – have violated their rights under federal and state law. Plaintiffs' claims arise from the defendants' alleged refusal to allow Plaintiff Knight-Lilly to visit Plaintiff Lewis while he is incarcerated, as well as their refusal to allow the plaintiffs to marry each other. Plaintiffs seek damages and injunctive relief.[1]

The Court construes Plaintiffs' complaint as asserting claims under 42 U.S.C. § 1983 and under state law. For the following reasons, the Court transfers this action to the United States District Court for the Western District of New York.

Under 28 U.S.C. § 1391(b), claims under Section 1983 may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

---

[1] The Court notes that Plaintiff Lewis is the only plaintiff to have signed the complaint. Plaintiffs have not paid the fees to bring this action, and Plaintiff Lewis is the only plaintiff to have filed a request to proceed *in forma pauperis*.

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1).

Plaintiffs do not allege where any of the defendants reside, but they allege that one defendant is assigned to the Five Points Correctional Facility, in Romulus, Seneca County, New York; eight defendants are assigned to DOCCS's headquarters in Albany, Albany County, New York; one defendant is assigned to the Clinton Correctional Facility, in Dannemora, Clinton County, New York; one defendant is an Acting Justice of the New York Supreme Court in Clinton County, New York; and one defendant is assigned to the Upstate Correctional Facility, in Malone, Franklin County, New York.

Plaintiffs also do not allege that any of the events or omissions giving rise to their claims occurred within this judicial district.[2] Rather, they allege that the events giving rise to their claims occurred at: (1) the Clinton Correctional Facility, in Dannemora, Clinton County, New York; (2) the Upstate Correctional Facility, in Malone, Franklin County, New York; (3) the Auburn Correctional Facility, in Auburn, Cayuga County, New York; (4) the Five Points Correctional Facility, in Romulus, Seneca County, New York; (5) a courthouse in Franklin County, New York; and (6) DOCCS's headquarters in Albany, Albany County, New York. Thus, venue is not proper in this court under Section 1391(b)(1) or (2).

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (Borough of Manhattan); (2) Bronx (Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

Because Plaintiffs' claims have arisen, in substantial part, in Albany, Cayuga, Clinton, and Franklin Counties, which all lie in the Northern District of New York, *see* 28 U.S.C. § 112(a), the United States District Court for the Northern District of New York is a proper venue for Plaintiffs' claims under Section 1391(b)(2). In addition, because Plaintiffs' claims have also arisen, in substantial part, in Seneca County, which lies in the Western District of New York, *see* § 112(d), the United States District Court for the Western District of New York is also a proper venue for this action under Section 1391(b)(2).

As Plaintiff Lewis is currently incarcerated in the Five Points Correctional Facility, which lies in the Western District of New York, and because Plaintiffs allege that DOCCS officials are currently prohibiting Plaintiff Knight-Lilly from visiting Plaintiff Lewis at that facility, and are prohibiting Plaintiffs from marrying while Plaintiff Lewis is incarcerated at that facility, this Court believes that the better course is to transfer this action to the proper venue in which the alleged constitutional violations are currently occurring. Accordingly, the Court transfers this action to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to mail a copy of this order to both plaintiffs and note service on the docket.

SO ORDERED.

Dated:   December 3, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge